OPINION OF THE COURT
Con. G. Cholakis, J.
In each of the above proceedings, the petitioners challenge the Conservative Party’s certificates designating the candidate respondents as candidates for town office in the various named Albany County towns. Since the issues are the same in both proceedings they have been combined for convenience.
It is uncontested that each candidate respondent was nominated for his respective office by a vote of the executive committee of the Albany County Conservative Party. Petitioners allege that the executive committee lacked the authority to nominate candidates and rely upon a recent amendment to subdivision 1 of section 6-108 of the Election Law (eff June 21, 1982) which, in pertinent part, reads as follows: “In any other town [i.e., towns in counties having a *235 population of 750,000 inhabitants or less], nominations of candidates for town offices shall be made by caucus or primary election as prescribed by the rules of the county committee ” (Emphasis supplied.)
Prior to the enactment of this amendment, county committees of the various political parties had the power to determine, by rule, the method by which the town candidates would be nominated. The Conservative Party of Albany County had such a rule.
Section 7 of article V of the rules of the party read as follows: “Conservative Party nominations of candidates for public office within each of the several towns and villages within Albany County shall be made at a party caucus in the town or village pursuant [sic] to Section 146 of the New York State Election Law.”
This rule was repealed on September 28, 1980 and the town candidates for the 1981 election were nominated by the party’s executive committee.
We are now called upon to construe the meaning of amended section 6-108 of the Election Law. The parties have provided the court with no prior decisions concerning this section and the court has been unable to find any. It is therefore concluded that this is a case of first impression.
As stated earlier, county committees had the power to choose the method by which town candidates would be nominated. Among these methods could be town caucus, primary election, action of the county committee, action of the executive committee of the county committee, action of the town committee, action of the executive committee of the town committee or any other method which did not violate the law.
In this court’s judgment the Legislature intended, by the cited amendment, to limit the methods by which town candidates would be chosen and that such choice would be by a method which would allow the enrolled members of a political party to have a direct voice in the selection of their candidates. Amended section 6-108 mandates that this choice must be by either caucus or primary election and further obligates a county committee to choose which of these two methods it prefers. No longer do county commit *236 tees have the unbridled power to keep unto themselves or grant to a favored few the power to nominate candidates. The Albany County Conservative Party failed to adopt a rule authorizing either of these two mandated methods.
Respondents allege that the county committee’s rules, after the repeal of section 7 of article V mentioned earlier, are silent concerning the method by which town candidates are nominated and that they therefore come within the exception concerning existing practice contained within amended section 6-108. The wording of the rules are somewhat ambiguous, but the court will assume that they are now silent concerning nomination of town candidates. The court also accepts respondents’ claim that the existing practice is that such nominations are made by the county’s executive committee.
We must now decide the meaning of the last sentence of subdivision 1 of section 6-108 which reads as follows: “If the rules of a county committee do not provide for a method of nomination, all such nominations shall be made in accordance with the existing practice in the town.”
Respondents claim that this allows them to continue nominating their candidates by action of the party’s executive committee. This court cannot agree.
To give the language such an interpretation would allow the continued nomination of town candidates in a manner which the law no longer sanctions. By inaction, a county committee could effectively frustrate what this court perceives to be the statute’s intent, namely, that nominations must only be by caucus or primary election.
The sentence must, however, have some meaning and purpose. In this court’s opinion, it is intended to protect some of those political parties whose county committees failed to act, perhaps through oversight or ignorance of the amended section 6-108. As stated earlier, the Legislature placed upon the county committees of the various political parties the responsibility and duty of choosing which of the now sanctioned nominating methods would be used. Failure of a county committee to choose could result in preventing that party from nominating candidates. This is unquestionably an undesirable result, especially if exist *237 ing practice was that nominations were by caucus or primary election.
In this court’s judgment, inaction on the part of a county committee can be tolerated and excused only if the intent of the statute would not thereby be thwarted, that is, if existing practice comports with one of the two approved nominating methods. In other words, existing practice can excuse a committee’s inaction only if its nominations are by caucus or primary election. The sentence, in this court’s judgment, cannot possibly intend that a county committee can continue what has now become an improper method of nominating candidates simply by ignoring the statute’s mandate and will only protect those committees that have as an existing practice the nomination of town candidates by caucus or primary election.
The certificates of nomination here contested are declared null and void and the Albany County Board of Elections is restrained from placing the names of the candidates respondents upon any appropriate ballot as Conservative Party candidates.